1  Mark A. Serlin, CSBN: 122155
   Kevin P. Whiteford, CSBN: 142916
2  SERLIN & WHITEFORD, LLP
   813 F Street, 2nd Floor
3  Sacramento, CA 95814
   Telephone:   (916) 446-0790
4  Facsimile:   (916) 446-0791

5  Attorneys for Creditor
   BANC OF AMERICA LEASING & CAPITAL, LLC
6

7

8                IN THE UNITED STATES BANKRUPTCY COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                      SAN FERNANDO VALLEY DIVISION

11 | In re                              )  CASE NO.: 1:08-bk-19009-GM
                                        )
12 | ANTHONY JOSEPH HAWORTH,             )  **APPLICATION FOR ORDER GRANTING**
   | ZAHRA KHALILI HAWORTH,              )  **RULE 2004 EXAMINATION OF DEBTOR**
13 |                                     )  **AND PRODUCTION OF DOCUMENTS**
   |         Debtors.                    )
14 |_____)

15     Banc of America Leasing & Capital, LLC ("Creditor"), by and through the undersigned

16 counsel of record, hereby applies for an order of this Court granting an examination of Anthony

17 Joseph Haworth ("Debtor") under Federal Rule of Bankruptcy Procedure 2004(a) and the production

18 of the documents listed in the Subpoena for Rule 2004 Examination (the "Subpoena"), a true and

19 correct copy of which is attached as <u>Exhibit A</u> to this application on the basis of the following:

20     1.    The Debtor filed a voluntary petition under Chapter 7 of the United States Code on

21 November 11, 2008. David Keith Gottlieb has been appointed Chapter 7 Trustee.

22     2.    Creditor has a judgment against debtor of more than $150,000.00. There is no pending

23 adversary proceeding or contested matter involving Creditor, and thus no examination is possible

24 under either FRBP 7030 or FRBP 9014.

25     3.    To the best of Creditor's knowledge, Debtor's last known residence address is 8761

26 De Soto Avenue, #129, Canoga Park, CA 91304. Creditor is unaware of Debtor's current place of

27 employment.

28     4.    Creditor seeks to examine Debtor regarding his assets, income, properties and the

1 | value thereof pursuant to F.R.B.P. 2004. Creditor also will seek documents pursuant to a subpoena.

2 |     4.    Creditor respectfully requests that the Court enter an order directing the Debtor to

3 | appear for a Bankruptcy Rule 2004 examination on December 29, 2008, at 10:30 a.m. at Hornberger

4 | & Brewer, 444 South Flower Street, 31st Floor, Los Angeles, CA 90071-2901.

5 | DATED: December 3, 2008        SERLIN & WHITEFORD, LLP

7 | By: _____
    MARK A. SERLIN, Attorneys for
8 | BANC OF AMERICA LEASING & CAPITAL, LLC

28 | Z:\Active Files\BANC OF AMERICA\Haworth\BK CT DOCS\2004 exam.app.wpd

---

| APPLICATION FOR ORDER GRANTING RULE 2004 EXAMINATION OF DEBTOR, ETC. | 2. | In re: Anthony Joseph Haworth, et al. Case Number 1:08-bk-19009-GM |

**EXHIBIT A**

Form 254 – Subpoena for Rule 2004 Examination (12/06)                                        2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br>ANTHONY JOSEPH HAWORTH<br>ZAHRA KHALILI HAWORTH<br><br>Debtors. | **SUBPOENA FOR RULE 2004 EXAMINATION** |
| To:<br>ANTHONY JOSEPH HAWORTH | Case No.*:  1:08-bk-19009-GM<br>Chapter:  7 |

☒ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed.R.Bankr.P., at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | Hornberger & Brewer<br>444 South Flower Street, 31st Floor<br>Los Angeles, CA 90071-2901 | DATE AND TIME | December 29, 2008<br>10:30 a.m. |
|---|---|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED LIST.

| PLACE | Hornberger & Brewer<br>444 South Flower Street, 31st Floor<br>Los Angeles, CA 90071-2901 | DATE AND TIME | December 29, 2008<br>10:30 a.m. |
|---|---|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE        SERLIN & WHITEFORD, LLP<br>BY: _____<br>MARK A. SERLIN, Attorneys for Creditor, BANC OF AMERICA LEASING & CAPITAL, LLC | DATE 12/3/08 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    MARK A. SERLIN, SERLIN & WHITEFORD, LLP<br>813 F Street, 2nd Floor<br>Sacramento, CA 95814    (916) 446-0790 | |

**EXHIBIT A**

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 – Subpoena for Rule 2004 Examination (12/06)                              2006 USBC, Central District of California

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE<br>12/4/08 | PLACE<br>Sacramento, CA |
| SERVED ON (PRINT NAME)<br>ANTHONY JOSEPH HAWORTH | | MANNER OF SERVICE<br>United States mail, first class |
| SERVED BY (PRINT NAME)<br>Laura A. O'Boyle | | TITLE<br>Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  12/4/08
                DATE

SIGNATURE OF SERVER

813 F Street, 2nd Floor
ADDRESS OF SERVER

Sacramento, CA 95814

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

United States Bankruptcy Court
Central District of California

*In re Anthony Joseph Haworth and Zahra Khalili Haworth*
Case No.: 1:08-bk-19009-GM

## EXHIBIT A TO
## SUBPOENA FOR RULE 2004 EXAMINATION

### DEFINITIONS AND INSTRUCTIONS

Unless the context indicates otherwise, the following words and phrases will be defined and used herein as follows:

A. Defendant Anthony Haworth is referred to herein as "DEFENDANT" and use of the term "DEFENDANT" refers to all of DEFENDANT'S past and present attorneys, accountants, employees, agents, representatives, corporations, predecessor or successor corporations, partnerships and anyone else acting on DEFENDANT'S behalf or otherwise subject to its control.

B. "PERSON" as used herein refers to and includes any natural individual, governmental entity or business entity, including a corporation or partnership, association or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned or controlled directly or indirectly by, or owning or controlling directly or indirectly any such entities, as well as directors, officers, employees, agents, attorneys or other representatives thereof, or third parties retained by any of the above.

C. "DOCUMENT" as used herein refers to and includes any kind of written, typewritten or printed material, any kind of graphic material, or any kind or electronic or mechanically recorded material, including facsimiles and computer discs, however produced or reproduced, whether draft or final, whether signed or unsigned, including each original and nonidentical copy, whether different from the original by means of notes made on such copy or otherwise, and if the original is not in existence, the best copy or reproduction thereof.

D. "COMMUNICATION" as used herein refers to any transmission or transfer or information of any kind orally, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

E. The phrases "RELATING TO", "RELATED TO" and "RELATES TO" as used herein mean summarizing, describing, regarding, containing any record of, reference to or indication of, or referring to in any way.

### DOCUMENTS TO BE PRODUCED

The DOCUMENTS to be produced are the following:

1. All bank statements for the past 36 months for any and all deposit accounts held by DEFENDANT.

2. All check registers covering the past 36 months for any and all checking accounts over which DEFENDANT has had any control or signature authority.

3. All DOCUMENTS evidencing title to any real property in which DEFENDANT has any interest.

4. All DOCUMENTS evidencing title to any real property in which DEFENDANT has

Page 1 of 3

held any interest in the past five years.

5. All DOCUMENTS RELATING TO the value of any interest in any real property owned by DEFENDANT.

6. All DOCUMENTS RELATING TO any rental of real property by DEFENDANT at any time in the past five years.

7. All financial statements of DEFENDANT for the past 5 years.

8. All DOCUMENTS RELATING TO any loans by any PERSON to DEFENDANT since January 1, 2003.

9. All DOCUMENTS RELATING TO any loans by DEFENDANT to any PERSON since January 1, 2003.

10. All DOCUMENTS of title for any vehicles presently owned or leased in whole or in part by DEFENDANT.

11. All DOCUMENTS evidencing any securities accounts owned or controlled by DEFENDANT.

12. All pleadings in any legal proceeding in which DEFENDANT is a party. For the purposes of this request, the term "pleading" includes any complaint, cross-complaint, amended complaint, answer, amended answer, petition, or response to a petition.

13. All stock certificates for stock owned by DEFENDANT.

14. All bonds owned by DEFENDANT.

15. The latest trial balance for any and all businesses owned or operated by DEFENDANT.

16. All loan DOCUMENTS for any obligation owed by DEFENDANT that remains unsatisfied, including any promissory notes, credit agreements, and applications for such credit.

17. All DOCUMENTS evidencing any security agreement in which DEFENDANT grants any PERSON a security interest in any property.

18. All DOCUMENTS which reflect any deposit accounts held or controlled by DEFENDANT or over which DEFENDANT has/had signature authority for any time since January 1, 2000.

19. All DOCUMENTS RELATING TO any judgments in favor of DEFENDANT, whether unsatisfied in whole or in part.

20. All DOCUMENTS RELATING TO the creation of any trust in which DEFENDANT is a trustor, trustee, or beneficiary.

21. All reports prepared within the past 36 months by any bookkeepers, accountants, or certified public accountants employed by DEFENDANT or any business owned or controlled by DEFENDANT.

22. All DOCUMENTS RELATING TO any safe or safe deposit box owned or held by DEFENDANT or any entity owned or controlled by DEFENDANT.

23. All DOCUMENTS RELATING TO any rare coins, stamps, jewelry, antiques, and/or works of art in which DEFENDANT has an interest.

24. All DOCUMENTS RELATING TO any sources of income of DEFENDANT since January 1, 2003, including, but not limited to, management contracts and the like.

25. All DOCUMENTS RELATING TO any policies of insurance (including, but not limited to, life insurance) in which DEFENDANT has any interest.

26. All DOCUMENTS RELATING TO any IRA, pension, or other retirement fund or plan in which DEFENDANT has any interest.

27. All DOCUMENTS RELATING TO any transfer of assets within the past 48 months

by DEFENDANT to any person other than in the normal course of DEFENDANT'S business.

28. All DOCUMENTS RELATING TO the closure of any business operated by DEFENDANT.

29. All DOCUMENTS RELATING TO the closure, within the past 48 months, of any bank accounts held or controlled by DEFENDANT.

30. All DOCUMENTS RELATING TO any storage facility used by DEFENDANT to store any assets or records.

31. All DOCUMENTS RELATING TO any COMMUNICATIONS between DEFENDANT and any bank at which DEFENDANT has held any account at any time within the past 48 months including, without any limitations, all correspondence, notes of conversations, and DOCUMENTS transmitted by facsimile communications.

///
///
///