Mark E. Saltzman, Esq.    Bar No. 155612
LAW OFFICES OF MARK E. SALTZMAN
18321 Ventura Boulevard, Suite 530
Tarzana, California 91356-6445
(818) 343-0600   Fax: (818) 343-0684

Attorney for Plaintiffs MELINDA P. GORDON, D.M.D. and MARK SHIVA

FILED
FEB 12 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANTHONY JOSEPH HAWORTH and ZAHRA KHALILI HAWORTH<br><br>Debtors<br><br>MELINDA P. GORDON, D.M.D. and MARK SHIVA<br><br>Plaintiffs<br><br>vs.<br><br>ANTHONY JOSEPH HAWORTH and ZAHRA KHALILI HAWORTH,<br><br>Defendants | Case Number 1:08-bk-19009 GM<br><br>Chapter 7<br><br>Adversary Case No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §523(a)(2)(A) AND §523(a)(4); PROOF OF SERVICE**<br><br>Case Filed: November 11, 2008<br><br>JURY TRIAL DEMANDED |

MELINDA P. GORDON, D.M.D and MARK SHIVA, plaintiffs herein, by its undersigned counsel, for its Complaint against the defendants, alleges as follows:

### FIRST CLAIM FOR RELIEF

**Determination that Debtors' Debts are Non-Dischargeable under 11 U.S.C. §523(a)(2)(A)**

1. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. §157(b).

1
COMPLAINT TO DETERMINE DISCHARGEABILITY

1. ANTHONY JOSEPH HAWORTH and ZAHRA KHALILI HAWORTH are husband and wife, comprise a marital community, and are the debtors herein. Plaintiffs are creditors of the debtors.

2. This is an adversary proceeding to determine the dischargeability of a debt.

3. Venue is proper in this district pursuant to 28 U.S.C. §1408 and §1409.

4. The Debtors obtained money, property or credit from the Plaintiff by false pretenses, a false representation or actual fraud.

5. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendant ANTHONY HAWORTH ("HAWORTH") was and is an individual who is the principal of International Mortgage Company, Inc. ("IMC"). Plaintiffs are informed and believe and thereon allege that there is no distinction between IMC and HAWORTH, and, in fact, there is a unity of interest between this entity and this individual, so that one is the alter ego of the other and the liability to Plaintiffs of one is the liability of the other.

6. In 2006, HAWORTH owned real property in the City of Los Angeles, located at 11446 Awanita Court, Chatsworth, California. ("The Property")

7. In 2006, HAWORTH listed The Property for sale, with RE/MAX as the listing broker and GODLEY as the agent of RE/MAX, for the listing and sale.

8. While The Property was listed for sale, but prior to October 2006, HAWORTH received an offer to purchase The Property. (the "First Offer") HAWORTH rejected the First Offer.

6. Then, in October 2006, Plaintiff MARK SHIVA made a written offer to purchase The Property. The offer was made to HAWORTH, through GODLEY.

7. Concurrently, MARK SHIVA and RE/MAX, through GODLEY, agreed that RE/MAX would be the broker for both the buyer and the seller in the transaction.

8. In November 2006, HAWORTH made a written counter-offer to SHIVA. SHIVA accepted the offer, and escrow instructions were prepared for the sale. INTERNATIONAL MORTGAGE COMPANY, INC., by and through its principal, HAWORTH, were the escrow holders, with concomitant fiduciary duties to SHIVA.

9. Over the next two months, SHIVA and GORDON entered into an oral agreement with each other to purchase The Property together in a joint venture. RE/MAX, through its agent GODLEY,

2
COMPLAINT TO DETERMINE DISCHARGEABILITY

became the agent of SHIVA and GORDON for the transaction, with the concomitant fiduciary duties to each.

10. In January 2007, to accommodate financing arrangements for the purchase, new paperwork was prepared for the purchase, whereby the purchaser was listed as GORDON, alone. Both RE/MAX, through GODLEY, and IMC, through HAWORTH, were aware of this change in the paperwork, and each agreed to go forward with the purchase of The Property, pursuant to a written California Residential Purchase Agreement and Joint Escrow Instructions that effectuated the deal, contemplated in the transaction described in paragraphs 6 through 9, inclusive.

11. Instead of meeting their fiduciary duties to GORDON and SHIVA, RE/MAX, through GODLEY, and IMC, through HAWORTH, intentionally delayed the preparation of documents that GORDON and SHIVA needed to complete the purchase. At all times, GORDON and SHIVA were ready, willing and able to proceed with the purchase, but the transaction was delayed because the defendants failed and refused to prepare and executed the necessary documents, notwithstanding their promises and duties to do so.

12. Plaintiffs are informed and believe and thereon allege that, in the interim, while GORDON and SHIVA were awaiting performance by their fiduciaries, RE/MAX, through GODLEY, and IMC, through HAWORTH, HAWORTH solicited and accepted a new offer from the individual who made the First Offer.

13. Plaintiffs are informed and believe and thereon allege that this new offer was several hundred thousand dollars more than the amount at which GORDON and SHIVA would have paid for The Property.

14. Plaintiffs are informed and believe that the reason that the said fiduciaries of GORDON and SHIVA failed and refused to prepare the necessary documents to complete GORDON and SHIVA's purchase of The Property because each acted in self-dealing and in breach of their respective fiduciary duties to GORDON and SHIVA, so that GORDON and SHIVA would be deprived of The Property, and said fiduciaries would garner increased pecuniary gain from the transaction to the new purchaser.

15. Plaintiffs are informed and believe and thereon allege that the new purchaser purchased The

Property for an amount substantially higher than the amount at which GORDON and SHIVA were to purchase The Property, and that this new amount more accurately reflected the true market value of The Property, at the time GORDON and SHIVA were to have purchased it, had their fiduciaries performed according to law.

16. Solely because of the delay and refusal of GORDON's and SHIVA's fiduciaries to perform their duties, GORDON and SHIVA were denied the opportunity to purchase The Property, and The Property was sold to the subsequent purchaser, for a substantially higher price than the price which was to be paid by GORDON and SHIVA, had their fiduciaries performed according to law.

17. As a direct and proximate cause of the actions of RE/MAX, through GODLEY, and IMC, through HAWORTH, Plaintiffs suffered damages in the amount of the difference between their purchase price of The Property and the actual value of The Property, as reflected by the subsequent purchase price to the ultimate purchase, plus amounts reflecting increased value in The Property, from the time GORDON and SHIVA were to have purchased it, all in an amount according to proof.

18. On January 26, 2007, Plaintiffs demanded that the matters described in this pleading be submitted to mediation. Each of the defendants failed and refused to submit the matter to mediation, notwithstanding their respective duties to do so, under a written agreement, regarding the dual agency of RE/MAX. Accordingly, if Plaintiffs prevail in the within action, Plaintiff shall be entitled to recover their reasonable attorneys fees, in addition to such other damages, costs and remedies as the court may allow, but the Defendants shall not be entitled to recover their attorneys fees. On July 26, 2007, Plaintiffs filed an action against the defendants in the within matter. Defendant Haworth could not be located, even with an exhaustive search of government records. It was determined that his participation was critical to the prosecution of the case, so Plaintiffs voluntarily dismissed the pending action, without prejudice, on September 22, 2008, so that further information could be collected to further efficiently prosecute the action.

19. The wrongful actions of the Debtors were fraudulent in their misrepresentations of material facts, made to the Plaintiffs with the intent to defraud Plaintiff, who relied on these facts, representations and promises of Debtors to finalize and prepare sale documentation in a timely manner, so that Plaintiffs could purchase the property.

4
COMPLAINT TO DETERMINE DISCHARGEABILITY

20. Plaintiffs are informed and believe that, at all times relevant, the acts and omissions of Defendants, as herein alleged, were done with the intent to deceive Plaintiffs.

21. Plaintiffs, neither of whom are real estate professionals, relied on the representations, honesty and integrity of their fiduciaries to act in compliance with the fiduciaries' respective duties, and, in said reliance, Plaintiffs waited for the defendants to perform their duties, only to find out that Defendants failed to do so, as herein alleged, which failure was the proximate cause of Plaintiffs' damages, as herein alleged herein.

22. As a result of the Defendants' deceptive acts, the Plaintiffs were damaged in the amount of several hundred thousand dollars, along with attorneys' fees and costs, pursuant to the terms of the promissory note. The exact amount of the damages is subject to proof, after discovery.

23. The debt from Debtors to Plaintiffs, pursuant to the real estate transaction, is nondischargeable, pursuant to 11 U.S.C. §523(a)(2).

## SECOND CLAIM FOR RELIEF

**Determination that Debtors' Debts are Non-Dischargeable under 11 U.S.C. §523(a)(4)**

24. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 13, inclusive, as though full set forth herein.

25 The conduct of Anthony Joseph Haworth, as herein alleged, constitutes fraud or defalcation while acting in a fiduciary capacity.

26. The debt from Debtors to Plaintiffs, pursuant to the real estate transaction, is nondischargeable, pursuant to 11 U.S.C. §523Z(a)(4).

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1, For a determination that the debt owed to Plaintiffs by defendants resulted from a debt that was obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's financial condition and is therefore nondischargeable, pursuant to 11 U.S.C. §523(a)(2);

2. For a determination that the debt owed to Plaintiffs by defendants resulted from fraud or defalcation while acting in a fiduciary capacity and is therefore nondischargeable, pursuant to 11 U.S.C. §523(a)(4);

3. For an order that the defendant must pay the full amount of the Plaintiff's claim, which is not less than $200,000, together with interest thereon at the legal rate; and

4. For costs of suit and reasonable attorney's fees; and

9. For such further and additional relief as the Court deems just and proper.

Dated: February 12, 2009            LAW OFFICES OF MARK E. SALTZMAN

By: _____
MARK E. SALTZMAN, Attorneys for
Plaintiffs MELINDA P. GORDON, DMD and
MARK SHIVA

6
COMPLAINT TO DETERMINE DISCHARGEABILITY

**FORM B104 (08/07)**  2007 USBC, Central District of California

RECEIVED
FEB 1 2 2009
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| MELINDA P. GORDON, DMD and MARK SHIVA | ANTHONY JOSEPH HAWORTH and ZAHRA KHALILI HAWORTH |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Mark E. Saltzman, LAW OFFICES OF MARK E. SALTZMAN 18321 Ventura Blvd., Suite 530 Tarzana, CA 91356-6445  818-343-0600 | **ATTORNEYS** (If Known) Gerald McNally 206 N. Jackson St., Suite 100 Glendale, California 91206-2201  818-325-8441 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☑ Creditor  ☐ Other  ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Nondischargeability of debts under 11 U.S.C. §§523(a)(2)(A) and 523(a)(4)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 400,000.00 |

**Other Relief Sought**
Attorneys fees and costs

FORM B104 (08/07), page 2    2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> ANTHONY JOSEPH HAWORTH and ZAHRA KHALILI HAWORTH | | **BANKRUPTCY CASE NO.** <br> 1:08-bk-19009GM |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> WOODLAND HILLS | **NAME OF JUDGE** <br> GERALDINE MUND |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* | | |
| **DATE** <br> 2/12/09 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> MARK E. SALTZMAN | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.