Andrew Cervik
2272 Colorado Bl. # 1180
Eagle Rock, CA 90041
818-246-1999

In pro per

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY JOSEPH HAWORTH and<br>ZAHRA KHALILI HAWORTH<br><br>            Debtors.<br><br>ANDREW CERVIK,<br><br>            Plaintiff,<br>v.<br><br>ANTHONY JOSEPH HAWORTH and<br>ZAHRA KHALILI HAWORTH<br><br>           Defendants. | Case Number 1:08-bk-19009 GM<br><br>Chapter 7<br><br>Adversary Case No.<br><br>COMPLAINT TO DETERMINE<br>DISCHARGEABILITY OF DEBT<br>UNDER 11 U.S.C. 548 727<br>PROOF OF SERVICE<br><br>Case filed: November 11, 2008<br><br>JURY TRIAL DEMANDED |

Plaintiff alleges as follows:

FIRST CLAIM FOR RELIEF

Determination that Debtor's Debts are Non-Dischargeable under 11 U.S.C. 548, 727

1. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. §157(b).

2. Anthony Joseph Haworth and Zahra Hkhalili Haworth (together, "Debtor") are individuals residing in the State of California and are the debtors herein. A copy of the Notice of Chapter 7 Bankruptcy is attached hereto as Exhibit 1. Andrew Cervik is a creditor as alleged in Schedule F which is attached hereto as Exhibit 2

3. This is an adversary proceeding to determine the dischargeability of a debt.

1

4. Venue is proper in this district, pursuant to 28 U.S.C. §1408 and §1409.

5. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant Anthony Joseph Haworth ("Haworth") was and is an individual who is the sole principal of International Mortgage Company, a California corporation ("IMC"), International Escrow Company, a California corporation (IEC), and International Realty Company, a California corporation (IRC).

6. Plaintiff is informed and believes and thereon alleges that there is no distinction between IMC, IME, IRE and Haworth and, in fact, there is a unity of interest and ownership between IMC IME, IRE and Haworth, such that any separateness and individuality between one and the others such that IMC, IME, IRW are the alter ego of Haworth and the liability to Plaintiff of one is the liability of the other since Haworth treated the corporate assets as his own personal assets.

. All of the Defendants, International Mortgage Company, International Escrow Company, and International 7Realty Company were inadequately capitalized, such that the "corporations" were shells for Haworth's personal business activities. Adherence to the fiction of the separate existence of Defendants and International Mortgage Company, International Escrow Company, and International Realty Company as distinct entities from Haworth would permit an abuse of the corporate privilege and would sanction a fraud and promote injustice.

8. On December 12, 2007 a Judgment was entered in case number BC 375137 against International Mortgage Company, a California corporation, International Escrow Company, a California corporation, and International Realty Company a California corporation, for the amount of $73,655.82. Post Judgment interest on December 12, 2008 would have been an additional $7,365.58. The total amount would be $81,021.40.

9. During the year prior to the filing of the Debtor's bankruptcy petitioner herein, the Debtor, with intent to hinder, delay or defraud Andrew Cervik, and/or other creditors, transferred, removed, destroyed, or concealed property of the Debtor and/or property of the estate.

10. Plaintiff is informed and believes that the Debtor transferred or concealed hundreds of thousands of dollars worth of proceeds from a securities account.

11. Plaintiff is informed and believes and on that basis alleges that the Debtor has also concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve recorded information, including books, records, documents and papers from which the Debtor's and/or Debtor's business's, (International Mortgage Company, a California corporation, International Escrow Company, a California corporation, and International Realty Company a California corporation), financial condition or business transactions that were pending while the judgment was in place, might be ascertained.

12. The Debtor cannot satisfactorily explain a significant loss of assets or deficiency of assets of those businesses to meet the Debtor's liabilities while it was operating during the last year.

13. Andrew B. Cervik is informed and believes and on that basis alleges that the Debtor's schedules and statement of affairs contained knowingly false statements and thus contained a false oath or account within the meaning of 11 U.S.C. §727(a)(4)(A).

14. In light of the foregoing, the Debtor should be denied a discharge pursuant to 11 U.S.C. §§548 or §727(a)(4)(A) or as other wise qualified.

WHEREFORE, Andrew Cervik prays for judgment against the Debtor as follows:

1. That the Debtor be denied a discharge under 11 U.S.C. §§548, §727(a)(4)(A).

2. For costs of suit and interest incurred herein.

3. For such other and further relief as the court may deem necessary.

Dated: February 13, 2009

Andrew Cervik

3

Complaint

B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)

# UNITED STATES BANKRUPTCY COURT    Central District Of California

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A Chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on: November 11, 2008.

You may be a creditor of the debtor. This notice lists important deadlines. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at U. S. Bankruptcy Court, 21041 Burbank Blvd, Woodland Hills, CA 91367-6603

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

| Debtor(s) (name(s) and address): | | Case Number: |
|---|---|---|
| Anthony Joseph Haworth<br>8761 De Soto Ave. #129<br>Canoga Park, CA 91304 | Zahra Khalili Haworth<br>8761 De Soto Ave. #129<br>Canoga Park, CA 91304 | 1:08-bk-19009-GM |

| All other names used by the Debtor(s) in the last 8 years (include married, maiden, and trade names):<br>Debtor; aka Anthony J Haworth, dba International Mortgage Company, Inc., dba Haworth & Associates, Inc., dba International Mortgage Company Escrow Division, dba International Escrow, Inc., ... | Last four digits of Social Security or Individual Taxpayer ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: 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<br>JDbt SSN: 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 |
|---|---|

Joint Debtor:

| Attorney for Debtor(s) (name and address):<br>Gerald McNally<br>206 N Jackson St Ste 100<br>Glendale, CA 91206-4330<br>Telephone number: 818-507-5100 | Bankruptcy Trustee (name and address):<br>David Keith Gottlieb<br>15233 Ventura Blvd, 9th Floor<br>Sherman Oaks, CA 91403-2201<br>Telephone number: (818) 325-8441 |
|---|---|

### Meeting of Creditors

Date: December 15, 2008    Time: 10:00 AM
Location: 21051 Warner Center Lane, #105, Woodland Hills,, CA 91367

### Presumption of Abuse under 11 U.S.C. § 707(b)

See "Presumption of Abuse" on the reverse side
Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified.

### Deadlines

Papers must be received by the bankruptcy clerk's office by the following deadlines:
Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: February 13, 2009
Deadline to Object to Exemptions: Thirty (30) days after the conclusion of the meeting of creditors.

### Creditors May Not Take Certain Actions

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So

### Creditor with a Foreign Address

A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office:<br>21041 Burbank Blvd,<br>Woodland Hills, CA 91367-6603<br>Telephone number: 818-587-2900 | For the Court:<br>Clerk of the Bankruptcy Court<br>Jon D. Ceretto |
|---|---|
| Hours Open: 9:00 AM - 4:00 PM | Date: November 12, 2008 |
| (Form rev. 12/07:341-B9A) | |

logged in BK-Hn

EXHIBIT 1

B6F (Official Form 6F) (12/07) - Cont.

In re  Anthony Joseph Haworth,  
       Zahra Khalili Haworth

Case No. __1:08-bk-19009-GM__

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community (H/W/J/C) | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **IMC**<br><br>Ampco Parking System<br>945 W. 8th Street<br>Los Angeles, CA 90017 | | C | 2005<br>Parking for business | | | | 10,000.00 |
| Account No. **BC xx3137**<br><br>Andrew Cervik<br>2272 Colorado Blvd. #1180<br>Los Angeles, CA 90041 | | C | 2005<br>legal services--in-house for IMC business | | | | 41,000.00 |
| Account No. **Haworth**<br><br>Arrowhead Mountain Spring Water<br>PO Box 856158<br>Louisville, KY 40285-6158 | | C | 2003-6<br>business bottled water service | | | | 10,000.00 |
| Account No. **xxxx7767**<br><br>Asset Acceptance<br>Po Box 2036<br>Warren, MI 48090 | | C | 4/08<br>Hsbc Bank Nevada N.A. Range Rover lease default; repossessed | | | | 1,395.00 |
| Account No. **IMC**<br><br>AT&T<br>2605 W. Olympic Blvd.<br>Los Angeles, CA 90021 | | C | 2003-2005<br>12-15 accounts; business telephone service for all locations | | | | 25,000.00 |

Sheet no. __2__ of __24__ sheets attached to Schedule of  
Creditors Holding Unsecured Nonpriority Claims

Subtotal  
(Total of this page) 87,395.00

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037

Exhibit 2

Best Case Bankruptcy

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ANDREW CERVIK | **DEFENDANTS**<br>ANTHONY JOSEPH HAWORTH, ZAHRA KHALILI HAWORTH |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>IN PRO PER    818-246-1999<br>2272 Colorado Blvd., #1180, Eagle Rock, CA 90041 | ATTORNEYS (If Known)<br>Gerald McNally, Jr.<br>206 N. Jackson St., #100<br>Glendale, CA 91206-4330    818-507-5100 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>NONDISCHARGEABLILITY OF DEBT 11 USC 548  727 | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) – Recovery of Money/Property
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

FRBP 7001(2) – Validity, Priority or Extent of Lien
☐ 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) – Approval of Sale of Property
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) – Objection/Revocation of Discharge
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) – Revocation of Confirmation
☐ 51-Revocation of confirmation

FRBP 7001(6) – Dischargeability
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

FRBP 7001(6) – Dischargeability (continued)
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

FRBP 7001(7) – Injunctive Relief
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

FRBP 7001(8) Subordination of Claim or Interest
☐ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment
☐ 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action
☐ 01-Determination of removed claim or cause

Other
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $81,120.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>ANTHONY JOSEPH HAWORTH, ZAHRA KHALILI HAWORTH | BANKRUPTCY CASE NO.<br>1:08-bk-19009-GM |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>WOODLAND HILLS / NAME OF JUDGE<br>Geraldine Mund |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

DATE: FEBRUARY 13, 2009

PRINT NAME OF ATTORNEY (OR PLAINTIFF): ANDREW CERVIK

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

Plaintiffs and Defendants. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

Attorneys. Give the names and addresses of the attorneys, if known.

Party. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

Demand. Enter the dollar amount being demanded in the complaint.

Signature. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.